IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-63,796-01,-02






EX PARTE DWAYNE WALKER JR., Applicant






ON APPLICATIONS FOR WRIT OF HABEAS CORPUS 

CAUSE NOS. FR44733 & FR44734 IN THE 264TH DISTRICT COURT

BELL COUNTY




 Per curiam.

 O R D E R


 These are applications for writ of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of two counts of aggravated robbery and sentenced to confinement
for life. Applicant's convictions were affirmed on appeal. Walker v. State, Nos. 03-95-00172-CR & 03-95-00173-CR (Tex. App.--Austin, delivered July 12, 1995, no pet.).

 Applicant contends that counsel was ineffective for failing to object to Applicant's
confession. The trial court has entered findings of fact or conclusions of law finding that
counsel was effective. However, we do not believe that those factual findings are sufficient
to completely resolve the issues presented. Because Applicant has stated facts requiring
resolution and because this Court cannot hear evidence, it is necessary for the matter to be
remanded to the trial court for resolution of those issues. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate case
the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether counsel investigated the
circumstances of Applicant's confession and whether counsel filed a motion to suppress. If
the trial court finds that counsel did not, it shall make findings of fact as to whether the
motion would have been granted. Finally, the trial court shall make findings of fact as to
whether counsel was ineffective. The trial court shall make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE TWELFTH DAY OF APRIL 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.